## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TIMOTHY LEE SCARBERRY and
MILLIE SCARBERRY,

                Plaintiffs,

v.                                          CIVIL ACTION NO. 3:10-0831

WILLIAM J. HUFFMAN and
WESTFIELD INSURANCE COMPANY,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Westfield Insurance Company's (Westfield's) Motion to Bifurcate and Stay Contract and Extracontractual Claims Pending Resolution of Accident Claims. [Doc. No. 16]. Plaintiffs Timothy Lee and Millie Scarberry have not responded to the motion. Nevertheless, for the following reasons, the motion is **DENIED**.

Plaintiffs filed this action in the Circuit Court of Mason County on May 10, 2010. In their Complaint, Plaintiffs allege that Mr. Scarberry sustained personal injuries in an automobile accident which was caused by the negligent and careless driving of Defendant William J. Huffman. Mr. Huffman's vehicle was insured by The Hartford Insurance Company with liability limits of $100,000 per person for bodily injury. Upon making a claim, Mr. Scarsberry was paid the $100,000 limit under the policy.

Mr. Scarberry asserts that his damages exceed the $100,000 he received from Mr. Huffman's insurer. Therefore, he sought underinsured motorist coverage from his own insurer, Westfield. Mr. Scarberry contends that despite his repeated demands for payment, Westfield has refused to pay him in accordance with the policy. Thus, Plaintiffs brought this action seeking underinsurance coverage and damages for breach of contract and for refusal to negotiate in good faith. Westfield removed the action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(a). Thereafter, Westfield filed its motion to bifurcate and stay discovery and trial on the breach of contract and bad faith claims until after the underlying personal injury claim is resolved. Although Plaintiffs have not responded or otherwise objected to the motion, this Court will adhere to its regular practice in this type of case.

In *Holley v. Allstate Insurance Co.*, No. 3:08-1413 (Feb. 12, 2009), this Court was confronted with a similar motion involving a first-party insurance action against the plaintiff's home owner insurer. The insurer argued that the bad faith claim should be bifurcated and stayed until the property damage claim was resolved. The Court rejected the insurer's argument.

In making this decision, the Court relied upon *Tustin v. Motorists Mutual Insurance Co.*, No. 5:08CV111, 2008 WL 5377835 (N.D. W. Va. Dec. 22, 2008). Like here, the plaintiff in *Tustin* was involved in a car accident and brought a first-party action against her own insurance carrier for underinsured motorist coverage. *Id.* at *1. In ruling upon the insurer's motion to bifurcate and stay discovery and trial on the bad faith claims from the personal injury issues, the district court noted that Rule 42(b) of the Federal Rules of Civil Procedure leaves the issue of bifurcation to the

discretion of the court. *See Fed. R. Civ. P.* 42(b) (stating, in part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . [or], claims . . . ."). Although the district court proceeded to discuss the parties' arguments for and against a unitary trial, the court ultimately denied the motion to bifurcate the trial without prejudice as being premature, "subject to refiling after completion of discovery." *Id.* at *2. In *Holley*, this Court followed the same reasoning and, likewise, denied the motion without prejudice. The Court perceives no reason to depart from this reasoning in this case. Thus, to the extent Westfield moves to bifurcate the trial of the personal injury claim from the breach of contract and bad faith claims, the Court **DENIES** the motion **without prejudice** as being premature. Westfield may refile that aspect of the motion after discovery is completed.

Turning next to the issue of whether discovery should be bifurcated, the district court in *Tustin* relied upon the West Virginia Supreme Court's decision in *Light v. Allstate Insurance Co.*, 506 S.E.2d 64 (W. Va. 1998).[1] The court in *Light* held that it is not mandatory to bifurcate and stay a bad faith claim from an underlying coverage claim in a first-party action against an insurer. 506 S.E.2d at 72. In addition, it stated that courts have discretion to decide whether discovery on a bad faith claim should be stayed. *Id.* The court announced a variety of factors a court should consider in making this determination, which include:

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the

---

[1] Though *Light* provides this Court with guidance, it must be noted that the issues raised by a motion to stay discovery implicate matters of federal procedural law that fall within the confines of the district court's discretion.

> insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.

*Id.* In addition, the party seeking a stay of discovery has the burden to make a proper showing that discovery should be stayed. *Id.*

In applying these factors, the district court in *Tustin* recognized there were only two parties to the action and the issues were not complex. 2008 WL 5377835, at *3. Additionally, the district court found that delay in discovery would likely increase the cost of discovery and, thereby, prejudice the plaintiff. Similarly, the burden on the court would be increased "because of the significant overlap of the evidence and witnesses related to . . . [the plaintiff's] personal injury allegations and her contract and bad faith claims." *Id*. Therefore, the district court also denied the insurer's motion to bifurcate and stay discovery. *Id*.

As the situation in *Holley* was substantially similar to *Tustin*, this Court relied upon these same reasons and denied the defendant's motion to bifurcate and stay discovery on the plaintiff's bad faith claim. *Holley*, 3:08-1413, at *4. Likewise, the Court sees no reason to depart from these principles in this case. In considering the factors set forth in *Light*, the Court recognizes the present case does not involve an inordinate number of parties. Indeed, it basically involves only Plaintiffs and Westfield, as Westfield joined Mr. Huffman as a defendant in name only. In addition, the Court finds that neither the underlying personal injury claim, nor Plaintiffs' claims for breach of contact and extracontractual damages for bad faith, are particularly complex issues. In this

regard, the Court observes that this action appears to be a straightforward and fairly common automobile accident case with a claim that the underinsured motorist carrier breached its contract with its insured and acted in bad faith. Moreover, the Court believes that staying discovery will likely increase costs and increase the burden upon both Plaintiffs and the Court by failing to consolidate discovery and by delaying final resolution of this case. Thus, the Court **DENIES** Westfield's motion to bifurcate discovery.

Accordingly, for the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Westfield's motion with respect to bifurcating the trial on the underlying personal injury claim from the breach of contract and bad faith claims and also **DENIES** Westfield's motion to bifurcate and stay discovery on the breach of contract and bad faith claims.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

       ENTER:  October 15, 2010

       _____
       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE